E-FILED
Monday, 14 September, 2026 12:24:13 PM
Clerk, U.S. District Court, ILCD

**IN THE**
**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS**
**SPRINGFIELD DIVISION**

ANTONIO BOGAN,
Plaintiff,

v.

DALE VICK, *et al.*,
Defendants.

Case No. 3:26-cv-03197-JEH

**Merit Review Order**

Plaintiff, proceeding *pro se* and currently incarcerated at Pinckneyville Correctional Center, filed a Complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights while he was incarcerated at Graham Correctional Center ("Graham"). (Doc. 1). This case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A.

**I**

In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 F. App'x 588, 589 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

**II**

Plaintiff files suit against Defendants Warden Steven Campbell, Lieutenant Steven Major, and Correctional Officers Dale Vick and Reid Cerutti.

Plaintiff alleges Defendant Vick wrote him a disciplinary report for "203-Drugs and Drug Paraphernalia" after he allegedly caught Plaintiff smoking on November 24, 2024. (Doc. 1 at p. 9). Plaintiff alleges Defendant Vick did not substantiate the charge in the disciplinary report pursuant to Illinois Department Rule 504 because he failed to specify what Plaintiff was allegedly smoking and failed to state that drugs and/or drug paraphernalia were discovered on his person, in his property, or in his living area.

A hearing was held before Defendants Major and Cerutti on November 28, 2024. Plaintiff alleges Defendants Major and Cerutti disregarded the fact that the charge in the disciplinary report was unsubstantiated, found Plaintiff guilty of the offense, and imposed six months of gym/yard restriction. On December 2, 2024, Defendant Campbell reviewed and approved the six months of gym/yard restriction.

Plaintiff alleges he had been diagnosed with post-traumatic stress disorder ("PTSD") and was prescribed Remeron. Plaintiff asserts that being deprived of gym/yard time for six months took a toll on his mental health, as he had difficulty sleeping, eating, and concentrating and experienced stress and anxiety.

Plaintiff seeks compensatory damages in the amount of $1,000 for each day he was deprived of gym/yard time and $100,000 in punitive damages.

**III**

The Due Process Clause of the Fourteenth Amendment prohibits the deprivation "of life, liberty, or property, without due process of law," U.S. Const. amend. XIV, and those who seek to invoke its protection "must establish that one of these interests is at stake." *See Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). "To

succeed on a due process claim stemming from a prison disciplinary proceeding, an inmate must demonstrate (1) a constitutionally protected liberty interest and (2) deficient procedures attendant to the deprivation of that interest. Thus, the question is whether a protected liberty interest exists, and if so, whether [Plaintiff] received adequate process to protect it." *Ealy v. Watson*, 109 F.4th 958, 964 (7th Cir. 2024) (internal citations omitted).

A due process violation may be implicated if "the defendants deprived [plaintiff] of a liberty interest by imposing an 'atypical and significant hardship on [him] in relation to the ordinary incidents of prison life." *McCoy v. Atherton*, 818 F. App'x 538, 541 (7th Cir. 2020) (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)). The Court must examine not just the severity, but the duration of the complained-of conditions. *Hardaway v. Meyerhoff*, 734 F.3d 740, 743 (7th Cir. 2013). Under Seventh Circuit precedent, "five months in segregation, standing alone, is not enough to implicate a liberty interest that triggers due process rights. Fewer than six months in segregation, however, may still establish a liberty interest 'depending on the conditions of confinement.'" *Ealy*, 109 F.4th at 964 (quoting *Kervin v. Barnes*, 787 F.3d 833, 836 (7th Cir. 2015) (internal citations omitted)).

Plaintiff does not allege a loss of good time credits or plead that he was held under atypical conditions in segregation. Plaintiff pleads only that he was not allowed to access the gym or yard for six months. This is not enough to state a due process claim. *See Lekas v. Briley*, 405 F.3d 602, 613 (7th Cir. 2005) (90 days in segregation with loss of contact visits, loss of telephone and commissary privileges, and the inability to participate in programs did not implicate protected liberty interests); *see also Williams v. Brown*, 849 F. App'x 154, 156 (7th Cir. 2021) (lengthy period of segregation and harsh conditions may violate due process).

Plaintiff does not allege that Defendant Vick wrote a false disciplinary report. Instead, Plaintiff alleges the charges in the report were unsubstituted

because the report did not state what Plaintiff was smoking and whether drugs/drug paraphernalia were found on his person, in his property, or in his living area. The violation of a Departmental Rule is not a constitutional violation. *See Sardon v. Peters*, No. 94 C 7505, 1995 WL 609147, at *8 (N.D. Ill. Oct. 13, 1995) (finding that defendants' failure to comply with Departmental Rule 504.650 was not actionable under section 1983) (citing *Archie v. City of Racine*, 847 F.2d 1211, 1215-18 (7th Cir. 1988)).

Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE for failure to state a claim for relief under Federal Rule of Civil Procedure 12(b)(6) and § 1915A. The Court will allow Plaintiff a final opportunity to file an Amended Complaint within 30 days of this Order. If Plaintiff fails to file a timely Amended Complaint, or if the Amended Complaint fails to state a claim for relief, his case will be dismissed with prejudice. Plaintiff's Amended Complaint will replace Plaintiff's Complaint in its entirety. The Amended Complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE for failure to state a claim for relief under Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 1915A. The Court will allow Plaintiff a final opportunity to file an Amended Complaint within 30 days of this Order. If Plaintiff fails to file a timely Amended Complaint, or if the Amended Complaint fails to state a claim for relief, his case will be dismissed with prejudice. Plaintiff's Amended Complaint will replace Plaintiff's Complaint in its entirety. The Amended Complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted.**

*It is so ordered.*

Entered: September 14, 2026

s/Jonathan E. Hawley
U.S. District Judge